UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**Vilmaris Gonzalez,**
    **Plaintiff,**

vs.

**Florida Medical Center Group, Inc.,**
    **Defendant.**
_____/

## COMPLAINT

The Plaintiff, Vilmaris Gonzalez (hereafter "Plaintiff"), by and through the undersigned counsel, hereby brings suit against Defendant, Florida Medical Center Group, Inc. (hereafter "Defendant"), and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages exceeding $75,000 excluding attorneys' fees or costs for damages pursuant to Title VII and the American with Disabilities Act to readdress injuries resulting from Defendant's pregnancy and disability based discriminatory treatment against Plaintiff.

2. Plaintiff was an employee of Defendant.

3. Defendant was a "person" and/or an "employer" pursuant to the ADA and title VII, since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the ADA and Title VII.

4. At all times material hereto, Plaintiff was an "employee" within the meaning the ADA and Title VII

5. Venue is proper in Miami Dade County because all of the actions complained of herein occurred within the jurisdiction of Miami Dade County.

6. Plaintiff is and continues to be, a resident of Miami Dade County, Florida.

7. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

8. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff was a pregnant female within a class of individuals protected by the ADA and Title VII, and Plaintiff's pregnancy and disability was known to all those who discriminated against her.

10. Plaintiff commenced employment with Defendant on or about August 9, 2021.

11. On October 1, 2021, Plaintiff informed her supervisor, Yanet, that she had an appointment with her doctor for an ultrasound on October 4, 2021.

12. On October 4, 2021, the doctor detected that Plaintiff's unborn baby had no heartbeat, and therefore she had to undergo a medical procedure.

13. On October 5, 2021, Plaintiff informed her supervisor of this situation and that the procedure had been scheduled for October 7, 2021.

14. At that time, her response was that she needed to speak with me at the end of the day.

15. When plaintiff finished her work shift, Plaintiff's supervisor called her into the dining room, where she made Plaintiff sign a verbal warning disciplinary action.

16. Plaintiff's supervisor also warned her that if Plaintiff incurred another absence, regardless of the reason, she would be fired.

17. On October 7, 2021, Plaintiff went to the appointment that she had previously scheduled for the procedure related to her pregnancy

18. On that same day, Yanet, Plaintiff's supervisor, communicated with Plaintiff via text message that Plaintiff could not continue in the company due to her absences. At that time, Plaintiff was wrongfully terminated.

19. Defendant terminated Plaintiff because she was pregnant and due to her having to attend doctor appointments and perform medical procedures due to her pregnancy.

20. All administrative prerequisites have been completed as a right to sue letter was issued by the EEOC on July 21, 2022.

## COUNT I
*Pregnancy discrimination in Violation of the Title VII (Wrongful Termination)*

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. Plaintiff is a member of a protected class under the title VII.

23. By the conduct describe above, Defendant has engaged in discrimination through an adverse employment action against Plaintiff because of Plaintiff's pregnancy and subjected the Plaintiff to pregnancy-based animosity and wrongfully terminated Plaintiff.

24. Such discrimination was based upon the Plaintiff's pregnancy in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff was pregnant.

25. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

26. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

27. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

28. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

29. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's wrongful termination and discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

30. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

31. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

E. Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Disability Discrimination in Violation of the ADA*

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this Complaint as if set out in full herein.

49. Plaintiff is a member of a protected class under the ADA.

50. By Defendant's conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and chronic conditions and subjected the Plaintiff to animosity based on his disability and chronic conditions.

51. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

52. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of

his disability was unlawful but acted in reckless disregard of the law.

53. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

54. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

55. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

56. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

57. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

58. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

> WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:
>
> A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

E. Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III

### *Failure to Accommodate in Violation of the ADA.*

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

60. Plaintiff is a member of a protected class under the ADA.

61. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

62. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

63. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

64. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

65. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

66. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

67. The conduct of Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

68. The actions of the Defendants and/or their agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

69. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants have violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits'

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated:   8/11/2022                                Respectfully submitted,

/s/      *Elvis J. Adan* _____
         Elvis J. Adan, Esq.
         Fla. Bar No.: 24223
         GALLARDO LAW OFFICE, P.A.
         8492 SW 8th Street
         Miami, Florida 33144
         Telephone: (305) 261-7000